1  EHUD GERSTEN, SBN 236159
2  Gersten Law Group
   3115 Fourth Avenue
3  San Diego, CA  92103
   Telephone: 619-600-0098
4  egersten@gerstenlaw.com
5
   Attorneys for Plaintiffs
6
7
8                    UNITED STATES DISTRICT COURT
9                    SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| **NISIM NEZI ARBIB** and **MICHAL FLORENCE ARBIB**, <br><br> Plaintiffs, <br><br> v. <br> **NATIONSTAR MORTGAGE LLC**, <br><br> Defendants. | Case No. 3:14-cv-001439-WQH-DHB <br><br> **Plaintiffs' Opposition to Motion to Dismiss** <br><br> Judge: Hon. William Q. Hayes <br> Date: July 21, 2014 <br> Time: 11:00 a.m. <br> Ctrm: 14B <br><br> Action filed May 12, 2014 <br> Action removed: June 13, 2014 |

## INTRODUCTION

Nationstar's motion to dismiss ignores the facts as alleged in plaintiffs' complaint, misconstrues the claims pleaded, and presents a "speaking demurrer" replete with unsupported facts. It effectively seeks summary judgment, while denying plaintiffs the procedural rights to which they would be entitled under a Rule 56 motion. Nationstar's Rule 12(b)(6) motion to dismiss should be denied.

**ARGUMENT**

**1. The First Claim states sufficient facts to state a claim for violations of the HBOR.**

Nationstar's version of the allegations is misleading. Plaintiffs allege (complaint at 3:6-4:5) that they attempted to get information from Nationstar *after* Christine Elder was named as the Single Point of Contact ("SPOC") on March 31, 2014. These efforts, as alleged, include letters on April 8 and April 24 (by their attorney), phone calls on days not specified in the complaint, and a fax on May 6, 2014. Plaintiffs heard nothing whatsoever from Nationwide or Elder in response to any of their efforts to get information about the denial of their loan modification. Elder's failure to respond to plaintiffs' calls and letters after she was named the SPOC is the basis of this claim, not a dual tracking violation. Nationstar's argument regarding the lack of facts to support a dual tracking violation is merely a diversion and not relevant to the claims actually pleaded.

Nationstar's citation to a district court case, *Boring v. Nationstar Mortgage LLC,* 2014 U.S. Dist. LEXIS 1706 (E.D. CA), fails to support its argument. *Boring* held that Nationstar had not violated the HBOR because Boring had completed his application before the SPOC's appointment. *Id.* at 10-11. Here, as alleged in the complaint, plaintiffs were trying to give Nationstar additional information regarding their finances before Elder was named so that their application would be reconsidered. But Nationstar refused to accept new documentation regarding plaintiffs' finances. Complaint at 3:6-8. In other words, plaintiffs had not completed the process before Elder's appointment. It can be inferred from the allegations that Nationwide had no SPOC during the initial loan modification application process. That itself is a violation of the HBOR.

Nationwide contends that, just because Elder or another SPOC did not respond to plaintiffs' inquiries, plaintiffs still had not "lost out on any foreclosure alternatives." Motion at 6:21-23. But the complaint clearly alleges that Nationwide refused to respond to plaintiffs during the appeal process. The lack of a response from Elder prevented plaintiffs

from discussing any alternatives to foreclosure, as required by the statute, or providing new financial information that could have led to an alternative to foreclosure. Yet Nationstar continued to move forward on foreclosure proceedings on plaintiffs' home. Complaint at 3:6-8.

The statutory requirements that Nationstar did not meet are set forth in Civil Code § 2923.7(b), (c), and (d) and quoted in the complaint at 4:17–5:10. Nationstar's argument that there was no violation because plaintiffs had not waited long enough is, by its own admission, unavailing. As Nationstar itself points out, the statute has no specific timeframe for responses, but also no period of time a homeowner must wait before taking action to save their home from foreclosure. Nationstar and Elder had not responded to plaintiffs' inquiries for almost a month during which plaintiffs had received two letters threatening imminent foreclosure. All of the facts to support a claim for violating the HBOR are alleged in the complaint. The HBOR was enacted to protect homeowners from dishonest lenders and servicers that have engaged in such conduct for years. Nationwide cannot now rewrite the statute.

**2.   Nationstar's "facts" should be ignored.**

When considering a Rule 12(b)(6) motion, the court must assume that the facts alleged in the complaint and the inferences drawn from them are true, no matter how unlikely. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *Jacobson v. Hughes, Aircraft Co.*, 105 F.3d 1288, 1292 (9th Cir. 1997).

Despite this well-established rule, Nationstar states (motion, at 5:8-9) that plaintiffs called Nationstar and left voicemail messages for the SPOC (Elder) on May 6, 2014, the same day plaintiffs sent a fax regarding their loan. But the complaint does not allege that plaintiffs called Nationstar on the same day they sent the fax, only that they called and left messages before sending the fax. This distinction is important, as Nationstar goes on to argue that plaintiffs did not give it enough time to respond before filing their complaint.

The complaint does not state the dates on which the voicemail messages were left, but that should not lead to the presumption that they were sent on the same day as the fax. Nationstar is attempting to create the illusion that it would have responded to plaintiffs if only given more time, which, as the complaint alleges, was not the case.

Although plaintiffs recognize that the Court may, at its discretion, consider facts outside of plaintiffs' complaint and treat the motion to dismiss as a motion for summary judgment under FRCP Rule 56, if the Court intends to consider facts in Nationstar's motion that are not pleaded in the complaint, plaintiffs request notice of the Court's intent to do so and time to respond to those additional facts. FRCP 12(b); *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986).

## 3. The Second Claim alleges sufficient facts to state a claim for violations of the HBOR that entitle plaintiffs to injunctive relief.

Nationstar argues that plaintiffs are not entitled to injunctive relief because a Notice of Default has not been recorded, citing *Rockridge Trust v. Wells Fargo, N.A.* 2013WL 5428722 (N.D. CA 2013). But the fact that a Notice of Default has not been recorded is a mere "technical violation," not fatal to plaintiffs' claim. In *Copeland v. Ocwen Loan Servicing, LLC*, 2014 U.S. Dist. LEXIS 12663 (C.D. CA 2014), the district court held that alleging the *serving* of a Notice of Default was sufficient to state a claim. If recordation of the Notice was a requirement,

> such a result would be a perversion of the spirit of the HBR, which seeks to prohibit foreclosure while a borrower is simultaneously being considered for loan modifications. *Michael J. Weber Living Trust*, 2013 U.S. Dist. LEXIS 41797, at *10. By simply not recording any instruments, Defendants seem to believe they can circumvent the ban on dual tracking.

*Id.* at *12.

Here, plaintiffs received letters from Nationstar on April 14, 2014, and its attorneys

on April 22, 2014 (complaint at 3:23-25), each stating that Nationstar is instituting foreclosure proceedings. Since these letters are the functional equivalent of the service of the Notice of Default in *Copeland,* plaintiffs are entitled to injunctive relief.

**4.     Plaintiffs are entitled to damages by statute.**

Nationstar argues that plaintiffs are not entitled to damages. Plaintiffs' prayer seeks monetary damages and attorneys' fees as allowed by Civil Code § 2924.12(b). *Copeland* at *14. *Copeland*'s reasoning regarding damages was followed in a Northern District case, [1] *Bingham v. Ocwen Loan Servicing, Inc.*, 2014 U.S. Dist. LEXIS 53782 (N.D. CA 2014):

> Because under the Complaint as plead [*sic*], Plaintiff is entitled to some remedy, the Court denies Defendant's motion to dismiss Plaintiff's statutory claims on the basis of lack of statutory remedies." *Id.* at 22-23. The *Bingham* court also held that a prayer for statutory damages, as here, is a sufficient allegation that plaintiff was damaged to survive a motion to dismiss.

*Id.* at 23, fn.7.

Nationstar also makes the same "four-day" argument against this claim as it did with plaintiffs' first claim. The argument fails here for the same reason. No rule requires a waiting period of any length to bring an action against a lender that violates the HBOR.

**5.     Plaintiffs request leave to amend if the court grants the motion.**

If the Court grants the motion, plaintiffs request leave to amend. Motions to dismiss are disfavored. *Gilligan v. Jamco Development Corporation*, 108 F.3d 246, 249 (9th Cir. 1997). Dismissal is proper only in extraordinary circumstances. *United States v. Redwood City*, 640 F.2d 963, 966(9th Cir. 1981). Leave to amend should be "freely given when justice so requires." FRCP 15(a); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.

---

[1] As the Court is no doubt aware, the HBOR is barely a year and a half old, so published opinions on many of these issue have yet to appear in either the federal or state appellate courts. Thus, both sides rely on district court decisions.

1990).

## CONCLUSION

Plaintiffs have pleaded sufficient facts to state a claim as to both the First Claim and Second Claim. The motion should therefore be denied. But if the Court finds that additional facts should be alleged, plaintiffs request leave to amend.

Dated: July 2, 2014                                   Respectfully submitted,

                                                      Gersten Law Group


                                                      /s/ Ehud Gersten
                                                      EHUD GERSTEN
                                                      Attorneys for Plaintiffs