# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NISIM NEZI ARBIB and MICHAL FLORENCE ARBIB,<br><br>    Plaintiffs,<br>vs.<br>NATIONSTAR MORTGAGE LLC, a Delaware Company and DOES 1-10,<br><br>    Defendants. | CASE NO. 14cv1439-WQH (DHB)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendant Nationstar Mortgage LLC. (ECF No. 4).

## I. Background

On May 12, 2014, Plaintiffs Nisim Nezi Arbib and Michal Florence Arbib commenced this action by filing the Complaint in San Diego County Superior Court. (ECF No. 1-2 at 7). On June 13, 2014, Defendant Nationstar Mortgage LLC removed the action to this Court pursuant to 28 U.S.C. section 1441 on the basis of diversity of citizenship. (ECF No. 1).

On June 20, 2014, Defendant filed the Motion to Dismiss, accompanied by a request for judicial notice. (ECF No. 4). On July 2, 2014, Plaintiffs filed an opposition to the motion to dismiss (ECF No. 5) and an opposition to the request for judicial notice. (ECF No. 6). On July 14, 2014, Defendant filed a reply. (ECF No. 7).

## II. Allegations of the Complaint

On or about September 12, 2005, Plaintiffs borrowed $1,200,000 from American Mortgage Express Financial to buy "real property located at 2815 Santa Fe Vista Court, Encinitas, CA 92024." (ECF No. 1-2 at 7-8). "In consideration for the Loan, plaintiffs executed a promissory note ('the Note') in favor of American Mortgage, secured by a deed of trust." *Id.* at 8. "On information and belief, shortly after making the Loan to plaintiffs in 2005, American Mortgage sold the Loan on the secondary mortgage market." *Id.* Bank of America Home Loan Servicing LP ("BAHL"), now merged with Bank of America ("B of A"), was the loan servicer of the Note when it was sold on the secondary market.

In 2012, Plaintiffs sued BAHL related to its attempt to foreclose on the property. "During the course of the litigation, B of A agreed to consider loan modification, but declined to modify the loan." *Id.* In June 2013, Plaintiffs and B of A entered into a "litigation stay agreement." *Id.* Under the agreement, "plaintiffs agreed to dismiss their suit without prejudice and B of A agreed to review another loan modification application to be submitted by plaintiffs." *Id.* "The agreement stated that, if the parties reached an agreement on the loan modification, plaintiffs would enter into a settlement and release any claims against B of A." *Id.* "In June 2013, B of A transferred the servicing rights to defendant Nationstar. Plaintiffs submitted their loan modification application to Nationstar, which refused plaintiffs' Request for Assistance by a letter dated February 19, 2014." *Id.*

On February 27, 2014, Plaintiffs sent Defendant a letter to appeal the denial of their loan modification, stating that "their financial situation had improved and that they wanted to submit updated financial information to Nationstar." *Id.* at 8-9. "They also asked how and to whom they could submit their updated documents, and asked about Nationstar's criteria for evaluating their application." *Id.* at 9. In a March 31, 2014 letter, Defendant denied Plaintiff's appeal, "without ever reviewing plaintiffs' new financial information." *Id.* In the same letter, Defendant "named Christine Elder as

plaintiffs' 'Single Point of Contact,' a requirement under California's Homeowner's Bill of Rights." *Id.* "Ms. Elder has refused to respond to any of plaintiffs' phone messages left for her or to a fax sent to her on May 6, 2014, requesting that she contact plaintiffs regarding their loan." *Id.*

Defendant "notified plaintiffs by letter on April 1, 2014, that the Property was subject to foreclosure due to arrears on the loan." *Id.*

> Plaintiffs sent a second letter to Nationstar dated April 8, 2014, in which they restated that the denial of the appeal was based on outdated financial information, that their financial situation had improved, and that they wanted to submit updated financial information to Nationstar. For a second time, plaintiffs asked how and to whom they could submit their new information. Nationstar did not respond to plaintiffs' letter.

*Id.* "On April 14, 2014, Nationstar notified Michal Arbib by letter that the loan had been referred to foreclosure. On April 22, 2014, Nisim Arbib was sent a similar letter from a law firm representing Nationstar, notifying him that foreclosure was imminent." *Id.* "[T]hese notices are a precursor to the Notice of Default[,]" which, if recorded, would violate the Homeowner Bill of Rights "because Nationstar acted in bad faith in rejecting plaintiffs' appeal without considering all of their documents." *Id.* at 9-10.

"On April 24, 2014, plaintiffs' attorney sent a Qualified Written Request to Nationstar seeking documents related to plaintiffs' Loan. As of the date of the filing of this complaint, no documents have been produced." *Id.* at 10.

The Complaint asserts two claims for relief: (1) violation of the California Homeowner Bill of Rights, California Civil Code section 2923.7(b); and (2) injunctive relief under the California Homeowner Bill of Rights, California Civil Code section 2924.12(a). The Complaint requests "an order restraining Nationstar or anyone acting on its behalf from initiating foreclosure against plaintiffs' property until such time, if ever, that defendants are statutorily entitled to foreclosure after fulfilling all of their obligations under the Homeowner Bill of Rights and all other applicable statutes." *Id.* at 12. The Complaint also requests an unspecified amount of actual damages, "treble damages or up to $50,000, whichever is greater, as allowed by statute," and reasonable

attorneys' fees. *Id.*

## III. Motion to Dismiss (ECF No. 4)

Defendant moves to dismiss both of Plaintiffs' claims without leave to amend. Plaintiffs oppose the motion and request leave to amend should the Court grant the motion.

### A.   12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content,

1  and reasonable inferences from that content, must be plausibly suggestive of a claim
2  entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.
3  2009) (quotations and citation omitted).

### B. Violation of California Civil Code section 2923.7(b) (First Claim)

Defendant contends that Plaintiff cannot state a claim for violation of California Civil Code section 2923.7(b) for failing to respond to a May 6, 2014 fax and May 6, 2014 voice messages by May 12, 2014, the date the Complaint was filed. Defendant contends that there is no requirement that a loan servicer respond within four business days. Defendant contends that it had no duty to respond to Plaintiffs because Plaintiffs had already submitted a loan modification application prior to Plaintiffs' May 6, 2014 communication; therefore, there was nothing to communicate to Plaintiffs. Defendant contends that Plaintiffs fail to allege harm caused by a failure to respond within four business days.

Plaintiffs contend that the May 6, 2014 fax was not the only communication alleged in the Complaint that required a response. Plaintiffs assert that they sent letters on April 8, 2014 and April 24, 2014 and left voice messages at unspecified times. Plaintiffs contend that Defendant has no basis for its factual assertion that the voice Plaintiffs left Defendants voice messages on May 6, 2014; the Complaint is silent as to the dates the voice messages were left. Plaintiffs contend that there is no specific time frame in the statute for which "a homeowner must wait before taking action to save their home from foreclosure." (ECF No. 5 at 3). Plaintiffs contend that Defendant was obligated to respond to these communications because their application had yet to be completed. Plaintiffs contend that had Defendant responded to their communications, Plaintiffs could have submitted additional financial information that could have led to foreclosure alternatives.

California Civil Code section 2923.7 provides, in relevant part:

> (a) Upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of

communication with the single point of contact.

(b) The single point of contact shall be responsible for doing all of the following:

(1) Communicating the process by which a borrower may apply for an available foreclosure prevention alternative and the deadline for any required submissions to be considered for these options.

(2) Coordinating receipt of all documents associated with available foreclosure prevention alternatives and notifying the borrower of any missing documents necessary to complete the application.

(3) Having access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative.

(4) Ensuring that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, if any.

(5) Having access to individuals with the ability and authority to stop foreclosure proceedings when necessary.

(c) The single point of contact shall remain assigned to the borrower's account until the mortgage servicer determines that all loss mitigation options offered by, or through, the mortgage servicer have been exhausted or the borrower's account becomes current.

(d) The mortgage servicer shall ensure that a single point of contact refers and transfers a borrower to an appropriate supervisor upon request of the borrower, if the single point of contact has a supervisor.

Cal. Civ. Code § 2923.7. The California Homeowner Bill of Rights provides a private right of action as follows:

(a)(1) If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17.

(2) Any injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent has corrected and remedied the violation or violations giving rise to the action for injunctive relief. An enjoined entity may move to dissolve an injunction based on a showing that the material violation has been corrected and remedied.

(b) After a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages pursuant to Section 3281, resulting from a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17 by that mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale. If the court finds that the material violation was intentional or reckless, or resulted from willful misconduct by a mortgage servicer,

  mortgagee, trustee, beneficiary, or authorized agent, the court may award the borrower the greater of treble actual damages or statutory damages of fifty thousand dollars ($50,000).

  (c) A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not be liable for any violation that it has corrected and remedied prior to the recordation of a trustee's deed upon sale, or that has been corrected and remedied by third parties working on its behalf prior to the recordation of a trustee's deed upon sale.

Cal. Civ. Code § 2924.12(a)-(c).

  The Complaint alleges that in June 2013, Plaintiffs submitted a loan modification application to Defendant that was denied. The Complaint alleges that on February 27, 2014, Plaintiffs appealed the denial of their loan modification application by letter. The Complaint alleges that, in this letter, "[P]laintiffs stated that their financial situation had improved and that they wanted to submit updated financial information to Nationstar. They also asked how and to whom they could submit their updated documents, and asked about Nationstar's criteria for evaluating their application." (ECF No. 1-2 at 9). The Complaint alleges that on March 31, 2014, Defendant denied the appeal "without ever reviewing plaintiffs' new financial information[,]" and Christine Elder was named as Plaintiffs' "Single Point of Contact." (ECF No. 1-2 at 9). The Complaint alleges that Plaintiffs sent a letter to Defendant regarding the denial of their appeal on April 8, 2014, a fax to Christine Elder on May 6, 2014, and phone messages to Christine Elder on unspecified dates, none of which have received a response. The Complaint alleges that "Defendants have violated the California Homeowner's Bill of Rights ... by failing to name a Single Point of Contact ("SPOC") at Nationstar who will respond to plaintiffs' inquiries." *Id.* at at 10. The Complaint alleges that, on information and belief, Christine Elder has performed none of the duties required by California Code of Civil Procedure section 2923.7(b).

  The Complaint plausibly alleges that, despite their efforts to update their financial information and have their loan modification reconsidered, Defendant and Christine Elder, after she was assigned as Plaintiffs' Single Point of Contact, were not responsive to Plaintiffs' communications. The Complaint plausibly alleges that Defendant failed

in "[c]ommunicating the process by which a borrower may apply for an available foreclosure prevention alternative and the deadline for any required submissions to be considered for these options" when Plaintiffs "request[ed] a foreclosure prevention alternative" by offering to submit updated financial information. Cal. Civ. Code § 2923.7(b)(1), (a).

Defendant has cited no authority for the proposition that a Plaintiff must allege actual damages under the Homeowner Bill of Rights in order to obtain a pre-foreclosure injunction. *Compare* Cal. Civ. Code § 2924.12(a)(1) ("If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of [the Homeowner Bill of Rights]....") *with* Cal. Civ. Code § 2924.12(b) ("After a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for *actual economic damages*....") (emphasis added).

The Court concludes that Plaintiffs have stated a claim under Section 2923.7(b)(1). Defendant's motion to dismiss Plaintiff's First Claim is denied.

**C.   Injunctive Relief pursuant to California Civil Code section 2924.12(a) (Second Claim)**

Defendant contends that Plaintiffs may not seek injunctive relief for "dual tracking"[1] under the Homeowner Bill of Rights because a notice of default has not been recorded on Plaintiffs' home. Defendant contends that there was no pending loan modification application at the time that Defendant was allegedly "dual tracking." Defendant contends that Plaintiffs had not actually submitted updated financial information that would trigger Defendant's duty to reconsider their initial loan modification application.

Plaintiffs contend that the "dual tracking" provisions of the Homeowner Bill of

---

[1] "Among other things, the [Homeowner Bill of Rights] attempts to eliminate the practice, commonly known as dual tracking, whereby financial institutions continue to pursue foreclosure while evaluating a borrower's loan modification application." *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 950 (2014).

Rights can be violated even if a notice of default is not recorded; letters threatening foreclosure suffice.

California Civil Code section 2923.6 provides, in relevant part:

> (c) If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:
>
> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.
>
> (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.
>
> (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.
>
> (d) If the borrower's application for a first lien loan modification is denied, the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error.

Cal. Civ. Code § 2923.6(c)-(d).

Plaintiffs' Second Claim alleges:

> 21. Paragraphs 1 through 20 are part of this cause of action.
>
> 22. Civil Code § 2923.55(b)(1) bars "dual tracking," which means a mortgage servicer or lender is barred from initiating foreclosure proceedings while purportedly processing or considering a loan modification, or the appeal of the denial of a loan modification.
>
> 23. Nationstar has yet to record a Notice of Default. But it rejected plaintiffs' appeal of the denial of their loan modification application before considering plaintiffs' requests to submit updated financial statements, and ignored plaintiffs' questions regarding the application process. Instead, Nationstar and a law firm representing it each sent plaintiffs letters stating that Nationstar intended to foreclose on the Property. On information and belief, these letters are the last step before Nationstar records a Notice of Default.
>
> 24. Plaintiffs seek injunctive relief under Civil Code § 2924.12(a) to enjoin Nationstar from instituting foreclosure proceedings on the Property, including, but not limited to recording a Notice of Default, until it has met all of its statutory obligations under the Homeowner's Bill of Rights.

1  (ECF No. 1-2 at 11-12). California Civil Code section 1923.6(c) prohibits the recording
2  of a notice of default or notice of sale or conducting a trustee's sale in certain
3  circumstances. Cal. Civ. Code § 1923.6(c) ("A mortgage servicer, mortgagee, trustee,
4  beneficiary, or authorized agent shall not record a notice of default or notice of sale or
5  conduct a trustee's sale until any of the following occurs...."). Because the Complaint
6  alleges that a notice of default has *not* been recorded, the Court concludes that Plaintiffs
7  have failed to state a claim for an injunction for violation of California Civil Code
8  section 2923.6.[2] *Cf. Williams v. Wells Fargo Bank, NA*, No. EDCV 13-02075, 2014
9  WL 1568875, at *4-5 (C.D. Cal. Jan. 27, 2014) (finding that the plaintiffs failed to state
10 a claim for violation of California Civil Code section 2923.6(c) because the plaintiffs
11 alleged that the notice of default and notice of trustee's sale were recorded prior to the
12 Homeowner Bill of Rights going into effect). Defendant's motion to dismiss Plaintiff's
13 Second Claim is granted insofar as Plaintiffs seek an injunction prohibiting dual
14 tracking in violation of California Civil Code section 2923.6.

### D. Prayer for Damages

Defendant contends that Plaintiffs may not seek damages under the Homeowner Bill of Rights because a trustee's sale has not been recorded. Plaintiffs cite *Bingham v. Ocwen Loan Servicing, Inc.*, No. 13-CV-04040, 2014 U.S. Dist. LEXIS 53782, at *22-23 n.7 (N.D. Cal. Apr. 16, 2014) for the proposition that a trustee's sale need not be recorded in order to recover damages under the Homeowner Bill of Rights.

The section of the statute providing for a private right of action for damages provides:

> (b) After a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages pursuant to Section 3281, resulting from a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17 by that mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent where the violation

---

[2] In the Complaint, Plaintiffs cite the wrong provision of the Homeowner Bill of Rights in citing section 2923.55 instead of 2923.6. Section 2923.55 provides no prohibition on dual tracking.

>was not corrected and remedied prior to the recordation of the trustee's deed upon sale. If the court finds that the material violation was intentional or reckless, or resulted from willful misconduct by a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent, the court may award the borrower the greater of treble actual damages or statutory damages of fifty thousand dollars ($50,000).

Cal. Civ. Code § 2923.12(b). The Complaint alleges that the notice of default has not been recorded. The Complaint does not allege that a trustee's sale has occurred. The Court concludes that Plaintiffs are not entitled to damages under the Homeowner Bill of Rights based on the allegations of the Complaint.

Defendant's motion to dismiss Plaintiffs' prayer for damages is granted.

**IV. Request for Judicial Notice (ECF No. 4-2)**

Defendant has submitted a request for judicial notice of the deed of trust on Plaintiffs' home on the ground that it is a public record. (ECF No. 4-2). Plaintiff opposes judicial notice on the grounds that the deed of trust is irrelevant and its accuracy is not "readily ascertainable." (ECF No. 6 at 2). Federal Rule of Evidence 201 provides that "a judicially noticed fact must be one not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 210(b). Judicial notice may be taken of public records. *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (declining to take notice of two reports, "as they are not relevant to the resolution of this appeal"). A court need not take notice of irrelevant material. *Id.* (declining to take judicial notice of two reports that were "not relevant to the resolution of this appeal"); *see also U.S. ex rel. Modglin v. DJO Global Inc.*, No. CV 12-07152, 2014 WL 4783575, at *10-11 (C.D. Cal. Sept. 2, 2014) (declining to take judicial notice of documents that were properly the subject of judicial notice because they were not relevant to resolution of the motion to dismiss).

The existence of the deed of trust and the terms of the deed of trust are not relevant to the motion to dismiss. The Court concludes that the deed of trust is not necessary for resolution of the motion to dismiss. Defendant's request for judicial

1  notice is denied.

2  **V. Leave to Amend**

3  If Plaintiffs wish to file an amended complaint, Plaintiffs may file a motion for
4  leave to amend the Complaint, accompanied by a proposed first amended complaint.

5  **VI. Conclusion**

6  IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 4) is
7  GRANTED in part and DENIED in part. Plaintiffs' Plaintiff's Second Claim is
8  DISMISSED without prejudice insofar as Plaintiffs seek an injunction prohibiting dual
9  tracking in violation of California Civil Code section 2923.6. Plaintiffs' prayer for
10 damages is DISMISSED without prejudice. No later than **thirty (30) days** from the
11 date this Order is filed, Plaintiffs may file a motion for leave to amend the Complaint,
12 accompanied by a proposed first amended complaint.

13 DATED: November 19, 2014

*[Signature: William Q. Hayes]*

**WILLIAM Q. HAYES**
United States District Judge